hearing argument in Lopez your honor's good morning may it please the court my name is Sean Clark of Michael falache and associates and I represent the your honors the district court's dismissal plaintiff's claims with prejudice should be reversed because the district court failed to properly apply the factors governing dismissals for failure to prosecute as this court has explained district courts should consider five factors before dismissing a case for failure to prosecute in the decision below however the district court gave little to no meaningful discussion of three of the factors and we believe did not give proper consideration of the remaining to mr. Clark obviously the district court judge was concerned about the inaction in the case for an extended period of time I seems to me that she notes in the order I think at least two years July 31 2015 and she issued the order for the order to show cause in May of 2017 your honor we would concede that there was a significant delay in this case however that is not the there anything more that she should have been made aware of beyond what was put into the response to that order I don't believe so however we did note in the response to the order that plaintiff was anticipating a motion from defendants withdrawing from the case and indeed aware of that way back when if you will back in well indeed earlier indeed the next step in the case was to submit a joint pretrial order in this case which was indeed joint defendants become aware that or have an inkling I'll say because that doesn't seem to have come to pass that defense counsel for the defendants in this case or the defendant was going or suggested counsel was going to withdraw my understanding is that was at some point in July 2015 so almost two years before the court says what's happening indeed your honor nevertheless considering the factors and elaborated by this court concerning a dismissal we're an abuse of discretion review right we would have to find that the district court abused her discretion and dismissing that is correct can you point to a case in which almost two years of inactivity have occurred yes yes and where we found it to be an abuse of discretion what would you rely on yes your honor an example of that case I believe would be Baptiste versus Summers which is cited in the brief which did also involve a two-year delay certainly this court has noted that there was an explanation that the individual prosecuting them a matter had been ill had been sick I believe that that was one explanation is any explanation been given to the district court about why this delay occurred here other than the notion that you were waiting I do believe that there was also a note that there that the apology from plaintiff's counsel concerning the failure to alert the court to explanation of course right understood your honor but nevertheless I believe that that was in tandem with calendaring issues with the firm nevertheless I believe that they're sorry so an explanation that there was a calendaring issue at the firm was given I believe yes your honor where is that in the record because I didn't see it in the letter and maybe I'm just reading it too quickly my apologies your honor I don't think that that particular issue was brought to the court's attention nevertheless that's my understanding of what was underlying no explanation was given and Baptiste also concerned a pro se individual who was ill for an extended time whereas here the plaintiff obviously was counseled correct that is true nevertheless this court has noted that dismissal dismissal with prejudice is a harsh sanction with consequences for clients who may be blameless accordingly this court has applied the five-factor tests concerning dismissals for failure to prosecute evenly across cases that involve both pro se and represented counsel excuse me to be placing the burden on the district court to make sure that the plaintiff's counsel is moving the matter along two years of inaction strikes me as very long and that's an obligation that counsel bears I think that it is a nevertheless I think that the law of this court has been clear that given the risk to due process and the risk to the plaintiff's day in court that there do need to be some procedural prerequisites to a dismissal for failure to prosecute one wasn't one of the problems that the district court apparently didn't believe the issue of withdrawal of counsel was the reason for the two-year delay I mean the the original notation that the judge made on on the explanation was that there had been no motion to withdraw and at this late stage the court might not grant it so after two years plaintiff's counsel came up with an explanation that the district court simply didn't believe discounted it wasn't as though counsel came forward and with an explanation that was all that was a reasonable credible explanation for the two-year delay I think it's unclear from the record whether or not the district court completely discounted the plaintiff's the the plaintiff's explanation at that time certainly the court did note that it it was disinclined I think to accept a motion to withdraw at that point however at that point it had not actually ruled on the plaintiff's request which was also served with the joint status letter that the court issue a date certain to file a joint pretrial order or for defendants to withdraw if if the dismissal had been without prejudice would that have had the same effect in any event given the length of time from the violations and given the problem of bringing another lawsuit after the first lawsuit had been dismissed for failure to prosecute I do think that there would be differences certainly it speaks to the factor of whether the court considered lesser sanctions in the case but if the result would have been the same namely the plaintiff would have been effectively precluded from bringing another lawsuit on the same claims there would be no difference so it would not be a lesser sanction I believe that the court could that the plaintiff could have potentially sought New York labor law claims in state court no because this dismissal was with prejudice if the court had prior to this prior to the dismissal in this court it had not brought a parallel case in New York State no there was no parallel New York State case and indeed if the there would be no tolling on the New York statute of limitations on a New York labor law wage claim is six years accordingly if this case had never existed plaintiff would still be able to file a New York labor law state law action for unpaid wages and unpaid overtime because yes looking back six years because plants employment did not end until I believe approximately December 2015 because of that it was wasn't it 2014 this is conduct between 2009 to this I believe I believe that that is that is correct your honor nevertheless it still would remain within the statute of limitations if there was a New York labor law action filed at this time thank you you've got good morning your honors my name is Joseph Altman I represent the appellee defendant in this action listening to the court's questions opposing counsel the court has it 100% correct the judge specifically asked on two separate occasions a very simple and direct question please explain why you failed to prosecute the case I learned a long time ago when the judge asked you a question not once but twice you really need to answer the question we're going to pay the consequences as a result thereof they never answered the question sitting here today we didn't hear an answer in their briefs in their reply brief I'm sure on rebuttal you're not was your firm representing the defendant in this civil case throughout the process I came on as the appellate counsel but the file was the trial counsel or the counsel in the trial court did that counsel ever represent that they were going to withdraw no you're not your honor if you read the letters it was something that I mean I'm thinking about what I would do if I was plaintiff he doesn't have an excuse for illness he doesn't have an excuse that he couldn't locate the file the only or there was a flood or chronic illness or some meritorious excuse or defense as to why this matter laid for two years and nothing was done not nonetheless that it's more the ordinary course for the court to issue in order to show cause and say that absent movement in the case the matter will be dismissed on a date certain you know here there was the once to seven 2017 arrived and the district court issued orders to show cause the plaintiff was responsive to those and timely filed what was requested you and I might disagree or about the adequacy of the explanations offered nonetheless the plaintiff made it clear that he was prepared to proceed and was looking to defendants counsel to join him in filing a pretrial order why wasn't an abusive discretion given our case law and the factors we've required the district court to consider at that point to to go ahead and dismiss very simply your honor there was a previous letter that was issued by Chief Judge McMahon specifically wanted to know why this case languished for two years that predated the order to show cost and once that letter was responded to Chief Judge McMahon realized that there is no reasonable excuse why this matter has languished for two years yet and the saying she was entitled to dismiss was an abusive discretion to dismiss even absent considering lesser sanctions or seeing the responsiveness now in response to the May 11th and May 23rd letters I mean plaintiff was responding within a week as timely directed correct but if you read his response I'm sure you the court did I'm sorry when the court reads the response it's not responsive it's evasive I mean the court wanted an answer to a question and that answer today has never been given and Judge McMahon in her order of June 5th 2017 detailed the five reasons or the five issues that must be examined and it's going through them plaintiffs failure to prosecute cause to delay a significant duration that's two years keeping in mind there's penalties and interest that accumulate to the defendant for the time that is nothing has been done number two plaintiff was given notice that further delay would result in dismissal sure there was a letter that provided that was provided by the court that indicated that look you have to tell us why and well that's actually my concern I mean he got notice that the matter had come to the court's attention again but he wasn't given a chance to then start moving the case along well before it was dismissed I mean your I think your position is that because the explanation was inadequate for the two years delay the court was entitled to dismiss really without more than and prejudice should be presumed well prejudice is presumed when the delay is this long we cited cases in our brief that specifically says that prejudice is presumed and counsel has not indicated why there hasn't been any prejudice but in what way did the court give notice that that the matter that further delay would result in dismissal he was given notice that the past delay would result in dismissal and wasn't given an opportunity to cure well I believe he was given an opportunity on May 11th because that should have woken up counsel was that opportunity precisely well on May 11th the court reached out to counsel to inquire about the status of this case and because there was no activity since July 2015 and the court would in the court further judge McMahon's order of that date right and then counsel could have done something no parties are directed to file a letter within seven days jointly or separately reporting the current status right right so counsel if I'm counsel for the plaintiff and I know I have no reason whatsoever why this case sat for two years my clients not sick I'm not sick there's no reason whatsoever I would have done something a little bit more than ignore the court's directive and not give a reasonable he did file as directed within seven days he didn't have a good excuse from your perspective but he did comply with the court's order well I think going back to the court's original question is was there prior notice again the court knew that had in fact there there have been a real reason like somebody got my my client was in the hospital I couldn't locate him this chronic illness something that you could say okay I'm gonna have a reasonable excuse as to why this matter sat for two years and nothing has been done then you would have wrote the letter and in good conscience thought that the court or hoped or believed that the court would in fact give you the time to take care of this matter but here counsel knew there was no reason whatsoever and what he did was he tried to put it off or blame opposing counsel for something that never happened so I'm not familiar I probably should be more familiar with this with practice at the Southern District of New York up in the place where I come from you're basically told by the court come on in for trial and then if you need more time you tell the court you need more time it doesn't look to me as though anybody is I mean you're not engaging the court in discovery maybe you'd have discovery disputes you don't have a motion practice it just gets set for trial that was the what should if as plaintiffs counsel says in its last letter which essentially was a motion to reconsider if you will we're ready to go to trial what more needed to be done well that should have happened on what would or it should have happened when on May 11th Oh 12 days earlier yeah that was the time when counsel all right so what should have happened before May 11 May 11 council should have been honest with no no no what should have happened before May 11th so the district court knew that counsel was ready to go to trial counsel should have informed the court is that a part of a southern district rule well you had this original order which sets forth like a discovery schedule nothing was complied with how do you know because the case languished for two years nothing what is languished mean I mean nothing is not moving where I come from and where I practiced the court just says you're on the trial calendar show up and draw a jury or show up and get ready to try it to court and file your pretrial order wasn't there wasn't there a deadline to file the joint pretrial order that was then missed for two years right so I think what counsel should have done or what I would have done I would have reached out to the court and maybe my adversary and I would have said look nothing has been done here we have discovery nothing has been accomplished no depositions and so let's tell that instead of having a reason that doesn't exist I should notify the court and say look we need to extend the time to conduct discovery because this matter was overlooked call it law office failure or something instead of saying it's my adversaries fault because he told me the on some unknown date and time and some matter that he was going to be withdrawing as counsel now I'm prejudiced because I mean things go back nine ten years I have to find witnesses records I'm prejudiced severely as a result of this delay and again counsel could have said maybe made an application for a voluntary just discontinuance of the case and brought his case in state court to preserve his clients rights but these things weren't done judge McMahon wrote a very concise page and a half order judge McMahon went through all the five items that had to be done and again it comes back to something I learned a long time ago if you ask the question you should really answer it not avoid it and pay the consequences up was a dismissal without prejudice a available lesser sanction I don't think the court wanted this case to be brought again and I'm sorry I don't believe the court wanted this case to be brought again yes could have been a lesser sanction but the court said no the court actually any further delay in this litigation would congest the court's docket and no sanctions short of dismissal would alleviate that congestion so the court didn't want a case where the litigants where the matter went back nine years but where the litigants waited two years to come back again and again my client is severely prejudiced because of the penalties and interest that accrue that's something that counsel overlooks so yes the court can consider all these items and responded to each and every one in a in a in the fashion that the court seemed best and they were addressed well apparently plaintiff wasn't interested in pursuing this case well I mean they weren't I mean they haven't met defense counsel who doesn't lay out a set of interrogatories requests for admission well maybe not request for mission requests for production and schedule depositions when their client is being sued for a fairly substantial fee I'm sorry fairly substantial sum and your client did none of that well neither did well again plaintiff is the one that has to move the case my job as a defense attorney is to get is to win the case and to get the case dismissed okay that's what the defendant is supposed to do and and it doesn't and the defendant doesn't care about discovery apparently well we have to do what's best for a client and looking at the file that I received again I didn't see any discovery demands by plaintiff right anything else mr. Altman no your honor mr. Clark you've reserved two minutes for rebuttal your honors I have just three points the first point is is that there's nothing in the record concerning the content of discovery in this underlying action discovery was closed at the time that the delay began my understanding is that this was a case where the defendants possessed no underlying employment records in an FLSA New York labor law action accordingly we did ask whether or not there were any records were told that there were none and then did not proceed was that in the record what you're saying right now no but I but that is also the case that the defend that the appellees representations concerning the status of discovery are not on the record discovery was closed is that right yes moreover there was a factual misrepresentation there concerning whether or not defendants had had noted that they plan to withdraw certainly that is our office's understanding we raised that in our initial response to the judge's letter and indeed in the defendants reply on may I believe May 31st 2017 they made no factual note that they did not seek to withdraw isn't it all you were aware of that fact back two years prior to the time when you should have been preparing the joint pretrial order that is true nevertheless I am responding to a Pelly's argument that they had not had not made this representation to counsel you'd think that they would have raised that in their May 31st letter if they were responding to a letter from the plaintiff containing this error the second issue would be as to notice it is not just generally notice of occurrences but notice that further delay will result in dismissal and I think that the court's questions illustrate that there is nothing on this record of the court suggesting that further delay will result in dismissal lastly the the last step in the case before trial was simply the filing of this joint pretrial order in the case certainly we indicated multiple times to the court that we wish to comply and I certainly kindly urge that the court reverse the district courts dismissal plaintiffs claims thank you thank you